IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSEPH CHRISTOPHER ROBERTS | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 1:08-cv-406 |
| | § | |
| | § | JURY TRIAL |
| RODNEY G. COLE, II, INDIVIDUALLY | § | |
| AND IN HIS OFFICIAL CAPACITY, | § | |
| JOHNNY LYNN VICKERY JR., | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY AND JEFFERSON COUNTY | § | |
| | § | |
| *Defendants* | § | |

**PLAINTIFF'S BRIEF IN OPPOSITION OF A SUA SPONTE REDUCTION OF PUNITIVE DAMAGES**

On January 10, 2011, a jury was empanelled to hear the case of Roberts versus Cole and Vickrey related to two assaults that occurred in the Jefferson County Jail in April of 2007. After listening to the evidence, the jury returned a verdict for the Plaintiff that included just over fifty thousand dollars in compensatory damages and sixteen million dollars in punitive damages. The jury obviously wanted to send a deterrent message to other police officers who have used excessive force in the past and may again in the future.

Following the verdict, the Court asked the parties if there were any post-trial motions. Neither Defendant moved for judgment notwithstanding the verdict. Neither Defendant moved for new trial. Neither Defendant requested a remittitur of damages. Neither Defendant complained about the damages found by the jury. Despite all parties' agreement with the verdict, the Court stated in an email that it may reduce the damages on its own accord. The Court invited the parties to brief the issue of sua sponte reduction of punitive damages to which

none of the parties object. Based on information and belief, neither Defendant intends to brief this issue or appeal because neither Defendant objects to the Jury's award. The issue is not before the Court.

Moreover, the award in this case was not excessive based on U.S. Supreme Court precedent and under the controlling law. Additionally, civil-rights verdicts are a special breed and rarely will the compensatory damages for a constitutional deprivation come close to equaling the depravity of the act that caused the harm. Section 1983, in particular, recognizes that the economic damages associated with a dignitary harm will rarely justify bringing a lawsuit to correct an undeniably heinous situation. Juries are entitled to impose a deterrent penalty to prevent future harms of this type. If the jury were constrained to awarding only punitive damages within some multiplier of compensatory damages in a case like Plaintiff's, then the message that would be sent to law enforcement would be that it is not very expensive to deprive someone of his constitutional rights. Punitive awards for civil-rights violations do not follow the typical rule, as has been recognized by the U.S. Supreme Court. The Jury sent the correct message.

Finally, in order to implicate due process, there must be some deprivation of life, liberty and/or property. Because of the Defendants' economic situation, the punitive damages in this case do not represent a "taking" so as to implicate due process.

The Court should not be making this inquiry. This issue is not properly before the Court and has been waived by the Defendants. Moreover, even if the issue was properly before the Court, the punitive damages award in this case is not excessive. Finally, even if the issue were properly before the Court and even if the award was excessive, because of the particulars of this case, the punitive damage award is not a "taking" that implicates due process.

I.     **This issue is not properly before the Court**

   A. *Neither Defendant complained of the award*

This issue is not properly before the Court. No one objected to the Jury's verdict and there is no Motion on record for the Court to rule on – this is not a justiciable issue; there is no controversy. The Court initiated this briefing with an email citing two cases, both of which decided <u>a motion from a defendant</u>, for the proposition that the Court must reduce an excessive award even if no one complains that it is excessive.

The Court cites *Cortez v. Trans Union, LLC*, 617 F.3d 688, 716 (3rd Cir. 2010), which relies on *Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320, 1332 (11th Cir. 1999). The Court cites these cases for the proposition that it "has a mandatory duty to correct an unconstitutionally excessive verdict." In both cases there was a motion before the Court to be decided.

*Johansen* instructs the Court that when a party moves to reduce an award on constitutional grounds, the Court is operating under Rule 50 as opposed to Rule 59 of the Federal Rules of Civil Procedure. *Id.* at 1331. Rule 50 requires a motion from a party.[1] This Rule does not permit the Court to supplant its judgment for that of the Jury unless the affected party asks it to. If a party believes that it has been deprived of due process, it must make a motion for new trial or remittitur or judgment notwithstanding the verdict. Plaintiff was required to proactively vindicate the due process deprivation that the Jury found in this case and the rules require a

---

[1] Rule 50 states that a Court may (1) resolve the issue against the party <u>and</u> (2) grant <u>a motion</u> for judgment as a matter of law. The Rule also states that a motion for judgment as a matter of law may be made any time before the Jury takes the case. Fed. R. Civ. P. 50(a). Nothing in this Rule purports to allow the Court to act without a motion or objection from a party.

defendant to be proactive if he has been wronged as well. *See Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1028-29 (9th Cir. 2003).

This is a remarkable and unprecedented course of conduct for the Court to suggest. In reviewing dozens of cases, Plaintiff's attorney has not found a single case where a Court reduced a jury's verdict without some sort of motion from the defendant. *See Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320, 1327 (11th Cir. 1999)(Court granted Defendant's motion for new trial); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 705 (3rd Cir. 2010)("Trans Union moved for judgment as a matter of law or remittitur of the damages award"); *BMW of North American v. Gore*, 517 U.S. 559, 565-66 (1996)(BMW filed a motion to set aside the verdict); *TXO Prod. Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 451 (1993)("in support of motions for judgment notwithstanding the verdict and for remittitur, TXO argued…"); *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 8 (1991)(Pacific Mutual challenged the punitive damages); *Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257 (1989)(would not consider due process challenge because the defendant did not raise it by motion at the trial court); *Banker's Life and Casualty Co. v. Crenshaw*, 486 U.S. 71, 76-77 (1988)(holding that the Court would not reach due process claim on punitive damages because it was not clearly raised by the defendant at the trial court); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 425 (2001)("the District Court considered, and rejected, arguments that punitive damages were 'grossly excessive'"); *Southern Union Co. v. Southwest Gas Corp.*, 281 F.Supp.2d 1090, 1092 (D. Ariz. 2003)(overruled on other grounds)(Court denied Defendant's motion for jnov, new trial and remittitur in determining that punitive damages of 153 times compensatory damages were justified); *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1027 (9th Cir. 2003); *Romanski v. Detroit Entertainment, LLC*, 428 F.3d 629, 635-36 (6th Cir.

2006)("Defendants moved for judgment notwithstanding the verdict or, in the alternative, for a new trial"); *SLM Trans, Inc. v. Bruegge*, 2010 WL 2136875 (S.D. Ill 2010)(refusing to address due process challenge to punitive damage award because Defendant did not raise it at the trial court).

The Court has taken upon itself the task of determining the constitutionality of an award that the Defendants did not, do not now, and will not ever complain about. Rule 50, under which the Court would analyze this issue if properly raised, requires a motion from the Defendants. The Court does not have the authority to supplant the jury's findings on an issue the Defendants do not complain of. Plaintiff has not found a single case in the history of American jurisprudence where a Court has made a sua sponte determination that a punitive damage award violated due process without a motion for JNOV, new trial, request for remittitur or some other form of post-trial motion.

### B. *Defendants waived this issue*

Part and parcel with the preceding argument, the Court cannot consider this issue because it has been waived by the Defendants. The U.S. Supreme Court has, at least twice, ruled that a defendant's failure to raise a due process challenge to a punitive damage award waives the issue. *Banker's Life and Casualty Co. v. Crenshaw*, 486 U.S. 71, 76-77 (1988)(holding that the Court would not reach due process claim on punitive damages because it was not clearly raised by the Defendant at the trial court); *Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257 (1989)(Court refused to entertain a due process challenge to punitive damages because the Defendant did not raise it at the trial court or on appeal); *See also SLM Trans, Inc. v. Bruegge*, 2010 WL 2136875 (S.D. Ill 2010)(refusing to address due process challenge to punitive damage award because Defendant did not raise it at the trial court).

The law is clear that the Court may not consider even a constitutional issue unless it is raised by a party. The fact that the issue is constitutional does not affect waiver – criminal defendants with much more at stake than money waive a constitutional issue if the challenge is not clearly made to the trial court. *See, e.g., Mazer v. Stein,* 347 U.S. 201, 206 n. 5, 74 S.Ct. 460, 464 n. 5, 98 L.Ed. 630 (1954) ( "We do not reach for constitutional questions not raised by the parties."); *Andrews v. Louisville & Nashville Railroad Co.,* 406 U.S. 320, 324-25, 92 S.Ct. 1562, 1565, 32 L.Ed.2d 95 (1972) ("The constitutional issue discussed in the dissent was not set forth as a 'question presented for review' in the petition for certiorari, and therefore our [rule] precludes our consideration of it."); *Ker v. California,* 374 U.S. 23, 43, 83 S.Ct. 1623, 1635, 10 L.Ed.2d 726 (1963) (citing *Mazer*); *New York v. Kleinert,* 268 U.S. 646, 650-51, 45 S.Ct. 618, 619, 69 L.Ed. 1135 (1925) ("The writ of error in the present case ... does not bring up for our determination the question as to the constitutionality of the substantive provision of [the Act].") *United States v. Becker,* 892 F.2d 265, 267 (3d Cir.1989) (double jeopardy is an affirmative defense which is waived if not raised at trial); *Virgin Islands v. Smith,* 949 F.2d 677, 682 (3d Cir.1991) ("When no objection is made at trial, however, we may affirm a conviction even when a constitutional error does not meet [the harmless error] standard."); *United States v. Mebane,* 839 F.2d 230, 232 (4th Cir.1988) (vagueness challenge waived); *United States v. Layne,* 43 F.3d 127, 135 (5th Cir.), *cert. denied,* 514 U.S. 1077, 115 S.Ct. 1722, 131 L.Ed.2d 580 (1995) (same); *United States v. Dupaquier,* 74 F.3d 615 (5th Cir.1996) (commerce clause challenge waived because not plain error); *United States v. Knowles,* 29 F.3d 947, 951 (5th Cir.1994) (reaching commerce clause challenge under the plain error rule); *United States v. Snelenberger,* 24 F.3d 799, 803 (6th Cir.), *cert. denied,* 513 U.S. 967, 115 S.Ct. 433, 130 L.Ed.2d 346 (1994) (overbreadth challenge waived); *Chandler v. Jones,* 813 F.2d 773, 777 (6th Cir.1987) (facial

equal protection claim waived); *United States v. Cole,* 41 F.3d 303, 308 (7th Cir.1994), *cert. denied,* 516 U.S. 826, 116 S.Ct. 94, 133 L.Ed.2d 49 (1995) (vagueness claim reviewed for plain error); *United States v. Cherry,* 938 F.2d 748, 753 (7th Cir.1991) (same); *United States v. Walton,* 36 F.3d 32, 34 (7th Cir.1994) (same); *United States v. DePuew,* 889 F.2d 791, 794 (8th Cir.1989) (origination clause challenge waived); *United States v. Ferguson,* 776 F.2d 217, 223 (8th Cir.1985), *cert. denied,* 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986) (vagueness challenge reviewed for plain error); *United States v. Shephard,* 4 F.3d 647, 650 (8th Cir.1993), *cert. denied,* 510 U.S. 1203, 114 S.Ct. 1322, 127 L.Ed.2d 671 (1994) (holding that FED. R. CRIM. P. 12(b)(2) requires defendant to raise double jeopardy claim below); *United States v. Martin,* 933 F.2d 609, 611 (8th Cir.1991) (double jeopardy claim waived); *United States v. Cupa-Guillen,* 34 F.3d 860, 863 (9th Cir.1994), *cert. denied,* 513 U.S. 1120, 115 S.Ct. 921, 130 L.Ed.2d 801 (1995) (facial equal protection challenge waived); *United States v. Easter,* 981 F.2d 1549, 1557 (10th Cir.1992), *cert. denied,* 508 U.S. 953, 113 S.Ct. 2448, 124 L.Ed.2d 665 (1993) (vagueness challenge reviewed for plain error); *Cavanaugh v. District of Columbia,* 441 F.2d 1039, 1041 (D.C.Cir.1971) (facial equal protection claim waived).   It is a party's duty to complain of a wrong committed against it; the Plaintiff was required to diligently and thoroughly put forth his due process claim, for which he ultimately received a verdict – the law demands the same diligence from the Defendants, were they inclined to challenge the award.

There is simply no support for the Court's suggested course of conduct.  In fact, it may run afoul of Equal Protection under the Constitution.  *See* U.S.C.A. CONST. AMEND. XIV SECTION 1.  No one, including this Court, stepped in to vindicate Plaintiff's due process rights for him – rights that a jury has conclusively established were deprived him.  Plaintiff was expected to, and did, defend his constitutional rights himself.  For the Court to step in now and protect

Defendants' due process rights without being asked to is completely improper. Defendants have waived these issues by failing to complain of the constitutionality of the punitive damages award by motion, or even oral request, to the trial court.

## II.     The Jury's award of punitive damages does not violate due process

### A. *Not excessive under the Gore factors*

Assuming *arguendo* that the Court has the authority to reduce a damages award that the Defendants have consented to and/or waived, the punitive damage award in this case is not excessive. The Supreme Court outlined the factors to be considered by a Court when the constitutionality of a punitive damages award is challenged by a defendant in *BMW of North American v. Gore*, 517 U.S. 559 (1996). The factors the Court considers are: 1) the reprehensibility of the conduct, 2) the disparity between the harm or potential harm and the punitive damages award, and 3) civil and criminal penalties for similar conduct. *Id.* at 575; *See also, Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 425 (2001). When the Court does, upon proper motion, decide to reduce a punitive award on constitutional grounds, it may only reduce it to the absolute constitutional maximum or it would run afoul of the Seventh Amendment. *Johansen*, 170 F.3d at 1331 n. 16. The punitive damage award in this case was 300 times actual damages, which is nowhere near the constitutional limit for a case of this type.

### 1. The reprehensibility of the Defendants' conduct justifies this award

By far the most important consideration is the reprehensibility of the Defendants' conduct. *Gore*, 517 U.S. at 575 (citing Owen, A Punitive Damage Overview: Functions, Problems and Reform, 39 Vill. L. Rev. 363, 387 (1994)). In *Gore*, the reprehensible conduct was failing to disclose that minor cosmetic repairs had been performed on a "new" car. *Id.*

Because "BMW's conduct evinced no indifference to or reckless disregard for the health and safety of others," the Court determined that no substantial penalty was warranted.

The Supreme Court was presented with a similar issue in *TXO Prod. Corp. v. Alliance Resources Corp.*, 509 U.S. 443 (1993). Again the Court was called upon to determine whether a punitive damages award violated due process. In *TXO*, the punitive damage award was **more than 525 times the compensatory damages awarded**. *Id.* at 444. The Court upheld the punitive award and ruled that it did not violate due process. *Id.* Central to the Court's decision was the malice with which the defendant acted. *Id.* at 445. The Court gave an elegant description of why large punitive damages relative to compensatory damages are justified when the defendant's conduct is particularly reprehensible.

> For instance, a man wildly fires a gun into a crowd. By sheer chance, no one is injured and the only damage is to a $10 pair of glasses. A jury reasonably could find only $10 in compensatory damages, but thousands of dollars in punitive damages to teach a duty of care. We would allow a jury to impose substantial punitive damages in order to discourage future bad acts.

*Id.* at 460 (citing *Garnes v. Fleming Landfill, Inc.,* 413 S.E.2d 897, 902 (1991)(citing C. Morris, Punitive Damages in Tort Cases, 44 Harv.L.Rev. 1173, 1181 (1931)).

The conduct of the Defendants in this case was as reprehensible as it comes. These Defendants, under the color of state law, willfully, maliciously and intentionally assaulted a defenseless man. In one instance, Joseph was handcuffed when he was thrown into a steel wall. Arguably, there is no conduct more reprehensible than a peace officer abusing the authority we as citizens have given him to assault and humiliate a person that is helpless to defend himself. The U.S. Supreme Court upheld a punitive damage award more than 500 times the compensatory award because of malicious conduct that was much less reprehensible than the conduct Joseph was subjected to. Moreover, as is shown below, civil rights cases (and 1983 cases in particular) are a special breed that justifies otherwise-disproportional punitive damage awards.

**2. There is no disparity between the award and the potential harm**

The Supreme Court has stated that "punitive damages should bear a reasonable relationship to the harm *that is likely to occur from the defendant's conduct* as well as to the harm that actually has occurred." *Id.* at 460 (emphasis in original). Joseph was sucker-punched three times in the face and his head was pounded into the booking counter at the jail. Every year, dozens of people die from punches to the face. *See, e.g.* [http://abclocal.go.com/kabc/story?section=news/local/orange_county&id=7144631](http://abclocal.go.com/kabc/story?section=news/local/orange_county&id=7144631). Joseph is lucky that he was not injured more severely, but the important point for this issue is that he could have been. It bears noting for the next section that the criminal charge for punching someone in the face and killing them is murder. *See, e.g.,* [http://www.wbtv.com/global/story.asp?s=12336001](http://www.wbtv.com/global/story.asp?s=12336001).

Not only was Joseph punched in the face repeatedly, but he was also thrown backwards with substantial force into a steel wall head-first while his hands were cuffed behind his back. He could easily have been paralyzed or killed. Again, the charge would have been murder. Vickrey admitted at trial that he threw Joseph into the wall because he was angry.

Not only was the conduct of these Defendants reprehensible in the extreme, it was also extremely dangerous. Either assault could have permanently injured or killed Joseph, who was in jail for unpaid parking tickets. Just as with the man who fired his gun into a crowd and only hit a pair of glasses, the horrible conduct in this case and the harm it could have caused justifies a substantial punitive damage award – both to punish the offenders and deter similar future conduct. The Jury had a right to send a message that would protect its fellow citizens and it properly did.

### 3. The award for punitive damages is less than other penalties for the same conduct

It was just lucky that Joseph was not killed or permanently injured in either or both of the assaults. The penalty for murder in Texas is death or life in prison. The penalty for aggravated assault is up to 99 years in prison. When compared to penalties others could face for the exact same conduct in Texas, the punitive damage award in this case is reasonable.

Both Defendants know that the award was justified, which is why they have not and will not complain otherwise. Even if they did complain, however, under the *Gore* factors, the award in this case does not violate due process. In fact, this case illustrates exactly why the Supreme Court refuses to draw a bright, mathematical line when due process is challenged. Some of the most dangerous and reprehensible conduct causes very little economic harm – but that does not mean it should not be punished or deterred.

### B. Civil Rights cases present special issues

Civil rights cases, in particular, yield disproportionate punitive damages compared to compensatory damages. This is natural and permitted because the malicious deprivation of a constitutional right is usually dangerous and is always reprehensible. The Supreme Court has already held, in an economic damage case, that a punitive damages award of more than five-hundred times compensatory damages is not unconstitutional. And 1983 cases permit even higher proportions because of the natural reprehensibility of the conduct.

For example, the Second Circuit examined this issue in *Romanski v. Detroit Entertainment, LLC*, 428 F.3d 629 (2nd Cir. 2006), a 42 U.S.C §1983 case. The Court upheld a punitive damages award that was **2150 times** the compensatory damages. In that case, the Court discusses another 1983 case that upheld a punitive damages award **70,000 times** the nominal damages awarded in the case.

Likewise, the Fifth Circuit treats civil rights cases differently than cases where the reprehensibility of the conduct is not as great as the conduct inherent in an excessive force case. *Williams v. Kaufman County*, 352 F.3d 994, 1014-15 (5th Cir. 2003). The Court in that case confirmed a punitive damage award that was **150 times** larger than the compensatory damages. Moreover, the Court discusses at some length the reasons that 1983 cases do not lend well to a strict proportionality rule. *Id.* at 1016.

Civil rights cases do not typically yield high compensatory damages. That does not mean that the harm is not grave or that the rights vindicated are not important. There is no other conduct more deserving of punishment or requiring of deterrence than dangerous, physical abuse of power and betrayal of trust by a public servant. The jury in this case was cognizant of the fact that these officers received the lowest possible criminal charge for their acts – from the County for whom they worked for years. The only power the people have to deter police misconduct is through 1983 punitive damages. This case certainly warranted the award.

### III. Due Process is not implicated

Due Process prohibits the taking of life, liberty or property without due process of law. Inherent in this protection is that a taking occur. If there is no taking, no due process is required. Vickrey testified that he could not pay the compensatory damages, much less the punitive damages. As such, no "taking" has or will occur by the imposition of punitive damages because the Defendants will not be deprived of any property as a result. Because the Defendants are unable to pay the compensatory damages, due process is not implicated by the imposition of punitive damages.

**IV.     Conclusion**

The Court should not be considering this issue. It is not justiciable and it has been waived. Moreover, it is unfair. No one stepped forward to vindicate Joseph Robert's due process rights when he was twice assaulted at the Jefferson County Jail – Joseph had to file this suit, litigate it for years, and diligently pursue his rights through his attorney. Had Joseph not complained of the conduct of these officers, the Court would not have come forward and sought to protect the same due process rights for Joseph. The Court should not do that for the Defendants either – if they had a problem with the way the Jury treated them, they could have said so. For the Court to step in and sua sponte reduce an award about which no one complains is unprecedented, unjustified and unfair to the Plaintiff.

Even if this issue were properly before the Court, which it is not, the punitive damages award in this case was not excessive. The Court, upon proper motion, could only reduce this award to the constitutional maximum - the award in this case does not even come close to the constitutional maximum. The U.S. Supreme Court has upheld a proportionally larger verdict that was challenged on due process grounds with far less egregious facts than Joseph presented at trial. Civil rights cases, in particular, have yielded disproportionate punitive damage awards because the economic harm is usually small but the reprehensibility of the conduct is always great. Large punitive damage awards are especially justified in excessive force cases because it is the only way to deter the most reprehensible conduct – life-threatening abuse of power and authority.

There is no reason to disturb the Jury's award. The jurors paid close attention throughout the trial and sent exactly the message they wanted to send. They sent the message that needed to be sent. The County still needs to answer for its continuing wrongdoing, but at least the officers

of Jefferson County now know there is a severe penalty for torturing innocent citizens with impunity.

                                                Respectfully submitted,

                                                */s/ Derek S. Merman*
                                                Derek S. Merman
                                                Fed. Bar No. 578113
                                                TBA No. 24040110
                                                Attorney in Charge
                                                Wynne & Wynne LLP
                                                711 Louisiana, Suite 2010
                                                Pennzoil Place, South Tower
                                                Houston TX 77002
                                                Telephone: 713-227-8835
                                                Telecopy:  713-227-6205
                                                e-mail: dmerman@wynne-law.com

                                                ***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Plaintiff's Brief in Opposition of a Sua Sponte Reduction of Punitive Damages was served on all counsel listed below either electronically pursuant to the court's ECF noticing system, direct e-mail or Certified Mail, Return Receipt Requested on this the 25th day of February, 2011.

| | |
|---|---|
| Thomas F. Rugg<br>Steven L. Wiggins<br>Jefferson County District Attorney<br>1001 Pearl Street, 3rd Floor<br>Beaumont, TX 77701<br>***Attorney for Jefferson County*** | ***Via Certified Mail, RRR***<br>***7004 2510 0007 2345 7441*** |
| Rodney G. Cole, II (pro se)<br>7820 Tolivar Rd.<br>Beaumont, TX 77713 | ***Via Certified Mail, RRR***<br>***7004 2510 0007 2345 7458*** |
| Mitch Adams<br>CLEAT<br>595 Orleans, Suite 412<br>Beaumont, TX 77701<br>***Attorney for Defendant, Johnny Vickrey*** | ***Via Electronically through the Court's ECF filing system*** |

                                                */s/ Derek S. Merman*
                                                Derek S. Merman